FILED

JUN 2 5 2014

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CHRISTOPHER L. RIVERS, | * | CIV 14-4048 |
| Petitioner, | * | |
| | * | REPORT and RECOMMENDATION |
| -vs- | * | |
| J.S. WILLIS, Warden, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner, Christopher L. Rivers ("Rivers"), an inmate who is incarcerated at the Federal Prison Camp in Yankton, South Dakota, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Respondent has filed a Response (Doc. 7), the Declaration of Marcus Boudreaux (Doc. 8), and the Declaration of Julie Groteboer (Doc. 9). Rivers filed a Reply (Doc. 10). The matter is now ripe for a decision.

The Court has taken judicial notice of the file in Rivers' underlying criminal conviction from the United States District Court, District of Kansas, 2:08-CR 20006-01 and his state court proceedings from Leavenworth County District Court Case No. 2004 CR 000222, 98-D-738, 01-D-178, and MCTR32039. *See, Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal District Court may take judicial notice of proceedings from another federal District Court); *Matter of Phillips*, 593 F.2d 356 (8th Cir. 1979) (proper for federal court to take judicial notice of state court pleadings); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (Court of Appeals may take judicial notice of District Court filings).

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## FACTUAL AND PROCEDURAL HISTORY

Rivers was in state custody before he was charged with the federal conviction which forms the basis of this § 2241 habeas corpus action. Because the time he spent in state custody is relevant to his current habeas corpus argument, it is recounted here.

On July 6, 2007, Rivers was arrested in Atchison, Kansas and transported to Atchison County Jail on charges of driving while his license was suspended, sale or possession with intent to sell opiates, obstruction of the legal process in a felony case, possession of drug paraphernalia, and traffic in drugs in a correctional facility. He was charged with these offenses in Atchison County District Court, Case No. 07-CR 341. The charges were dismissed on September 7, 2007. Atchison County held Rivers, however, on a warrant from Leavenworth County, warrant no. 01-D-178, 04-CR 000222, and 98-D-738. On September 10, 2007, Rivers was released from Atchison County to the Custody of Leavenworth County, Kansas Sheriff's Department. He was held there for failure to appear in Leavenworth County District Court case No. 2004-CR 000222. Rivers previously pled nolo contendere in that case, to charges including fleeing and attempting to elude a police officer, possession of depressant/stimulant/hallucinogenic/steroids, reckless driving, and driving while suspended. He was found guilty on September 28, 2004. Rivers was also being held by Leavenworth County for contempt; indirect (Case No. 98-D-738 and 01-D-178) and failure to appear-traffic (Case No. MCTR32039). On September 17, 2007, Rivers was released on bond from these charges.

On October 29, 2007, Rivers was sentenced in Leavenworth County District Court on Case No. 2004-CR 000222 to a 12 month term of imprisonment with work release privileges. On February 5, 2008, however, Leavenworth County authorities filed a motion to revoke his work release privileges after they became aware of his federal arrest warrant. Rivers' work release was revoked that same date.

Rivers was indicted on the federal charges which form the basis of this federal § 2241 habeas

2

corpus case on February 1, 2008.[1]   Rivers appeared in federal court pursuant to a writ of habeas corpus *ad prosequendum* which was issued by Magistrate Judge David Waxse on February 19, 2008 for Rivers to appear in federal court on February 28, 2008.[2]  Rivers was detained on the writ until he was released from state custody on June 26, 2009.   On June 5, 2009, the United States District Court for the District of Kansas, the Honorable Kathryn Vratil sentenced Rivers to 120 months imprisonment on the federal charges. The Judgment was silent as to whether Rivers' federal term of imprisonment should run concurrently or consecutively to any remaining state prison sentence(s), thereby rendering the federal sentence consecutive to Rivers' state sentence(s).[3] Rivers was returned to Leavenworth County on June 22, 2009. On June 26, 2009, Rivers was released to the primary custody of the United States Marshals Service to begin service of his federal sentence. Rivers' current projected release date is May 10, 2016. This projected release date is premised upon Rivers' successful completion of the Residential Drug Abuse Program (RDAP).

On June 21, 2010, Rivers filed a Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. On February 7, 2011, Judge Vratil denied the Motion. On October 23, 2011, the Tenth Circuit Court of Appeals affirmed. On February 5, 2012, Rivers filed a Request for Administrative Remedy within the BOP. His request was denied at the institutional and regional levels. His request was granted in part, however, at the central office level. Specifically, Rivers was awarded prior custody credit from October 29, 2008 (the date his state sentence expired) through June 25, 2009 (the date he was released to the United States Marshals Service). On April 23, 2013, Rivers moved to "Clarify the Judgment to Correct Federal Records" in the United States District

---

[1] Rivers' Indictment charges a single count of possession with intent to distribute 5 grams or more of crack cocaine.

[2] The return on the arrest warrant indicates it was executed on February 27, 2008 at the Leavenworth County Jail.

[3] Pursuant to 18 U.S.C. § 3584(a) "if multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, . . . .Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. "

Court, District of Kansas. That motion, which was denied by Judge Vratil on May 20, 2013, sought the same relief Rivers seeks pursuant to the instant motion pursuant to 28 U.S.C. § 2241. Rivers asserts the BOP has failed to calculate his sentence correctly. Specifically, Rivers asserts the remainder of the time he spent detained pursuant to the federal writ of habeas corpus *ad prosequendum* (February 27, 2008 through October 28, 2008) should also be credited toward his federal sentence. On April 11, 2014, Rivers filed the instant motion for habeas corpus pursuant to 28 U.S.C. § 2241.

## ANALYSIS

The proper calculation of any federal prison term includes two crucial elements: (1) when the sentence begins; and (2) whether credit can be given for time spent in custody prior to the commencement of the sentence. Both of these determinations are made by the BOP after the federal sentence is imposed. *United States v. Wilson*, 503 U.S. 329, 333-36, 112 S.Ct. 1351, 1354-55, 117 L.Ed.2d 593 (1992). For federal inmates who committed offenses after November 1, 1987, both questions are answered by the application of 18 U.S.C. § 3585.[4] *See Wilson* 503 U.S. at 332-33, 112 S.Ct. at 1353-54. That statute states:

> **§ 3585. Calculation of a term of imprisonment**
> (a) **Commencement of sentence**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) **Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> > (1) as a result of the offense for which the sentenced was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

---

[4] Before 1987, 18 U.S.C. § 3568 determined sentencing credit questions. "In the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et. seq.*, which became effective in 1987, Congress re-wrote § 3568 and recodified it at § 3585. . ." *Wilson, id.*, 503 U.S. at 332, 112 S.Ct. at 1353.

At issue in this case is the time Rivers was detained on the writ of habeas corpus *ad prosequendum*. Specifically, Rivers was removed from the Leavenworth County Jail on the federal writ on February 27, 2008 to answer the federal charges. He did not return to Leavenworth County until June 22, 2009. He was released to federal custody on June 26, 2009. His state sentence expired, however, on October 28, 2008. Rivers received credit for the time period he challenges in this § 2241 action (February 27, 2008 through October 28, 2008), however, to satisfy his state sentence. *See* Boudreaux Declaration, Doc. 8, ¶ 15. Through the administrative remedy process, Rivers has already been awarded credit toward his federal sentence for the time beginning the day after his state sentence expired (October 29, 2008) until his federal sentence began (June 26, 2009). *See* Groteboer Declaration, Doc. 9, ¶ 4.

Congress has "made clear that a defendant [may] not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337, 112 S.Ct. at 1356. That Rivers was "on loan" to the federal authorities pursuant to a writ of habeas corpus *ad prosequendum* during the relevant time does not trigger commencement of his federal sentence. *United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008). Although Rivers was detained on the writ of habeas corpus *ad prosequendum* during the period that he now challenges (February 27, 2008 through October 28, 2008), that time in custody has already been credited to Rivers' state sentence. *See* Boudreaux Declaration, Doc. 8, ¶ 15. As such, he may not receive credit for that time on his federal sentence. 18 U.S.C. § 3585(b). *Wilson*, 503 U.S. at 337, 112 S.Ct. at 1356.

The determination of credit for time served is properly left to the BOP, to be made after a defendant begins his federal sentence. *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). In this instance, the BOP correctly calculated Rivers' federal sentence. The BOP has applied the appropriate statute (18 U.S.C.§ 3585) to the particular facts of Rivers' case.

## CONCLUSION and RECOMMENDATION

It is therefore respectfully RECOMMENDED to the District Court that Rivers' application for writ of habeas corpus (Doc. 1 in this file) be DENIED with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 25 day of June, 2014.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge